## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., and**<br>**TELEFONAKTIEBOLAGET LM ERICSSON**<br>Plaintiffs, | |
| **v.** | **CIVIL ACTION NO.  6:12-cv-894** |
| **SAMSUNG ELECTRONICS CO., LTD.,**<br>**SAMSUNG ELECTRONICS AMERICA,**<br>**INC., and SAMSUNG**<br>**TELECOMMUNICATIONS AMERICA LLP,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), file this Original Complaint for Patent Infringement against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Defendants" or "Samsung"), and allege as follows:

### BACKGROUND

1.      Despite nearly two years of negotiations involving the most senior management of both companies, Samsung has refused to renew its expired license to Ericsson's industry leading portfolio of telecommunication patents on the same fair, reasonable and non-discriminatory terms that Samsung's competitors have previously accepted.  Ericsson has therefore filed this suit against Samsung seeking the court's protection of Ericsson's valuable intellectual property rights.

2.      For more than two decades, Ericsson has pioneered the development of the modern cellular network.  Due to the research and development work of its more than one hundred thousand employees, over one thousand networks with more than two billion subscriptions utilize Ericsson network equipment.  Forty percent of all mobile calls are made through Ericsson systems.  Ericsson's equipment can be found in more than one hundred and eighty countries.

3.      As a result of its extensive research and development efforts, Ericsson has been awarded more than thirty thousand patents worldwide.  Ericsson is widely viewed as one of the leading innovators in the field of cellular telephony.

4.      Ericsson owns and patented hundreds of inventions that are essential to the GSM, GPRS, EDGE, WCDMA, LTE and 802.11 wireless standards ("standard-essential patents").  Ericsson has repeatedly committed to license its standard-essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms.  Ericsson also owns a valuable portfolio of patents that, while not essential to compliance with any industry standards, are globally used to design and manufacture cellular handsets, smartphones, tablet computers, televisions, and many other electronic devices ("implementation patents").

5.      Ericsson has widely licensed its patents.  It has entered into more than one hundred license agreements for its standard-essential patents.  These licenses evidence the FRAND royalties that the telecommunications industry has agreed to pay Ericsson.  Ericsson re-invests much of the licensing revenue it receives under these agreements into inventing the future generation of telecommunications standards.

6.      Samsung previously licensed Ericsson's standard-essential patents in 2001 and renewed that license in 2007.  Samsung's license has now expired.  Samsung has sold

hundreds of millions of unlicensed cellular handsets, smartphones, tablet computers, and televisions since the expiration of its license, including its flagship Galaxy S III smartphone.

7.     Ericsson has extended multiple offers to Samsung to renew the license on FRAND terms during the past two years of negotiations between the parties.  These negotiations have been unsuccessful for the simple reason that Samsung refuses to pay the FRAND rate paid by its competitors for Ericsson's standard-essential patents.  Instead, Samsung demands Ericsson renew its license at a rate that is a small fraction of the rate other similarly situated companies pay Ericsson.  Samsung's refusal to pay a FRAND rate gives it an unfair competitive advantage over its competitors who have licensed Ericsson's patents.

8.     Samsung has a history of manipulating its position on the amount of a FRAND rate depending on whether it finds itself as the licensor or licensee in a particular negotiation.  The most recent example occurred when Samsung asserted its own patents, which it alleged were standard-essential against Apple.  At the trial of that matter in the United States District Court for the Northern District of California, Samsung asserted all companies implementing a standard in its products must seek out and accept a license on FRAND terms.  Yet, when the tables are turned and Samsung finds itself in the position of being the prospective licensee, it now refuses to license Ericsson's standard-essential portfolio at FRAND rates.

9.     FRAND licensing is a two-way street.  Contrary to Samsung's behavior, patent licensing under FRAND terms does not change from one day to the next depending on whether a company finds itself aligned as a licensor or licensee.  Instead, FRAND

licensing requires that both the licensor is fair and reasonable in providing licensing terms and the licensee is fair and reasonable in accepting them.  Despite Ericsson's best efforts to negotiate a license, including many alternative FRAND royalty structures and frameworks that Ericsson offered to Samsung, Samsung refuses to renew its license or to cease infringing.

10.    Even more egregiously, Samsung has refused to provide Ericsson a license to its allegedly standard-essential patents on FRAND terms.  Upon information and belief, Samsung refuses to license Ericsson under any declared standard-essential patents that it owns in an effort to compel Ericsson to license its patent portfolio at a small fraction of the rates that its competitors pay.  This position violates Samsung's FRAND commitment.

## THE PARTIES

11.    Plaintiff Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

12.    Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden.

13.    Ericsson has a long history of innovative technical contributions, including the patents-at-issue in this lawsuit.  In addition, some of Ericsson's other accomplishments include:

- in 1878, Ericsson sold its first telephone;
- in 1977, Ericsson introduced the world's first digital telephone exchange;
- in 1981, Ericsson introduced its first mobile telephone system, NMT;
- in 1991, Ericsson launched 2G phones on the world's first 2G network;
- in 1994, Ericsson invented Bluetooth;
- in 2001, Ericsson made the world's first 3G call for Vodafone in the UK; and
- in 2009, Ericsson started the world's first 4G network and made the first 4G call.

McKool 438842v1

14.     Ericsson's innovation continues today and into the future.   Ericsson envisions a connected future, in which there will be more than fifty billion connected devices, all of which will require better networks and greater capacity.   To that end, Ericsson has more than twenty thousand employees working on research and development, much of which is focused on new improvements in wireless and radio access technology. Ericsson's efforts have resulted in advances in data speeds, improved voice quality, and better network performance.   Ericsson's technological advances do not come cheaply or easily, as Ericsson invests approximately 15% of its budget in research and development costs annually.

15.     Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the country of Korea with its principal place of business at Samsung Electronics Building, 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857 Korea.   Samsung Electronics manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, blu-ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN.   In addition, Samsung Electronics's telephones, base stations, televisions, computers, blu-ray players, cameras, and other devices for use in a mobile communications network or a wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District.   Samsung Electronics can be served with process by serving the Texas Secretary of State.

16.     On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 85 Challenger Road, Ridgefield Park, New

Jersey 07660.  Samsung Electronics America manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, blu-ray players, cameras, and other devices for use in a mobile communications network or wireless LAN.  In addition, Samsung Electronics America's telephones, base stations, televisions, computers, blu-ray players, cameras and other devices for use in a mobile communications network or wireless LAN are marketed, offered for sale, and/or sold throughout the United States, including within this District.  Samsung Electronics America can be served with process by serving its registered agent, C T Corporation System, located at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

17.    On information and belief, Defendant Samsung Telecommunications America L.P. ("Samsung Telecommunications"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.  Samsung Telecommunications manufactures, imports into the United States, sells and/or offers for sale in the United States telephones, base stations, televisions, computers, blu-ray players, cameras, and other devices for use in a mobile communications network or wireless LAN.  In addition, Samsung Telecommunications' telephones, base stations, televisions, computers, Blu-Ray players, cameras, and other devices for use in a wireless network are marketed, offered for sale, and/or sold throughout the United States, including within this District.  Samsung Telecommunications can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

McKool 438842v1

## JURISDICTION AND VENUE

18.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 1338(a), 2201, and 2202.

19.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

20.     This Court has personal jurisdiction over Defendants.  Defendants have conducted and do conduct business within the State of Texas.  Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise (including the provision of an interactive web page) their products and/or services in the United States, the State of Texas, and the Eastern District of Texas.  Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Defendants have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## THE PATENTS

21.     United States Letters Patent No. 6,029,052 ("the '052 Patent"), entitled "Multiple Mode Direct Conversion Receiver," was duly and legally issued to inventors Martin Isberg, Peter Jakobsson, Bjorn Lindquist, Jan Celander, Kjell Gustafsson, Torsten Carlsson, Lars-Peter Kunkel, and Jacob Mannerstrale on February 22, 2000.  Ericsson

owns by assignment the entire right, title, and interest in the '052 Patent, and is entitled to sue for past and future infringement.

22.     United States Letters Patent No. 6,058,359 ("the '359 Patent"), entitled "Speech Coding Including Soft Adaptability Feature," was duly and legally issued to inventors Roar Hagen and Erik Ekudden on May 2, 2000.  Ericsson owns by assignment the entire right, title, and interest in the '359 Patent, and is entitled to sue for past and future infringement.

23.     United States Letters Patent No. 6,278,888 ("the '888 Patent"), entitled "Radiotelephones Having Contact-Sensitive User Interfaces and Methods of Operating Same," was duly and legally issued to inventors John Joseph Hays, Jr. and Curtis Wayne Thornton on August 21, 2001.[1]  Ericsson owns by assignment the entire right, title, and interest in the '888 Patent, and is entitled to sue for past and future infringement.

24.     United States Letters Patent No. 6,301,556 ("the '556 Patent"), entitled "Reducing Sparseness in Coded Speech Signals," was duly and legally issued to inventors Roar Hagen, Bjorn Stig Erik Johannson, Erik Ekudden and Willem Baastian Kleijn on October 9, 2001.  Ericsson owns by assignment the entire right, title, and interest in the '556 Patent, and is entitled to sue for past and future infringement.

25.     United States Letters Patent No. 6,418,310 ("the '310 Patent"), entitled "Wireless Subscriber Terminal Using Java Control Code," was duly and legally issued to inventor Paul W. Dent on July 9, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '310 Patent, and is entitled to sue for past and future infringement.

---

[1] The '888 Patent is currently undergoing reissue proceedings at the Patent and Trademark Office.  On November 2, 2012, the PTO posted a notice of allowance for reissued claims.  When the patent reissues, Ericsson will move to amend the complaint to substitute the reissued patent for the '888 Patent.

26.     United States Letters Patent No. 6,445,917 ("the '917 Patent"), entitled "Mobile Station Measurements With Event-Based Reporting," was duly and legally issued to inventors Gunnar Bark and Joakim Bergström on September 3, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '917 Patent, and is entitled to sue for past and future infringement.

27.     United States Letters Patent No. 6,473,506 ("the '506 Patent"), entitled "Signaling Using Phase Rotation Techniques in a Digital Communications System," was duly and legally issued to inventors Stefan Javerbring and Mikael Hook on October 29, 2002.  Ericsson owns by assignment the entire right, title, and interest in the '506 Patent, and is entitled to sue for past and future infringement.

28.     United States Letters Patent No. 6,519,223 ("the '223 Patent"), entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," was duly and legally issued to inventors Stefan Henrik Andreas Wager and Reiner Ludwig on February 11, 2003.  Ericsson owns by assignment the entire right, title, and interest in the '223 Patent, and is entitled to sue for past and future infringement.

29.     United States Letters Patent No. 6,624,832 ("the '832 Patent"), entitled "Methods, Apparatus, and Computer Program Products for Providing User Input to an Application Using a Contact-Sensitive Surface," was duly and legally issued to inventor Eric Anthony Thomas on September 23, 2003.  Ericsson owns by assignment the entire right, title, and interest in the '832 Patent, and is entitled to sue for past and future infringement.

30.     United States Letters Patent No. 6,772,215 ("the '215 Patent"), entitled "Method for Minimizing Feedback Responses in ARQ Protocols," was duly and legally

issued to inventors Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schn, and Kazuhio Inoue on August 3, 2004.  Ericsson owns by assignment the entire right, title, and interest in the '215 Patent, and is entitled to sue for past and future infringement.

31.     United States Letters Patent No. 8,169,992 ("the '992 Patent"), entitled "Uplink Scrambling During Random Access," was duly and legally issued to inventors Stefan Parkvall, Erik Dahlman, and Tobias Tynderfeldt on May 1, 2012.  Ericsson owns by assignment the entire right, title, and interest in the '992 Patent, and is entitled to sue for past and future infringement.

## FACTUAL BACKGROUND

32.     The '052, '359, '888, '556, '310, '917, '506, '223, '832, '215, and '992 Patents (collectively, "the Ericsson Patents") cover inventions relating to telephones, base stations, televisions, Blu-Ray players, and other devices for use in a wireless network.

33.     The Defendants have imported into the United States, marketed, offered for sale and/or sold in the United States, telephones, base stations, televisions, computers, blu-ray players, cameras and other devices for use in a mobile communications network or wireless LAN that infringe the Ericsson Patents, or induce or contribute to the infringement of the Ericsson Patents by others.

34.     The Defendants have been placed on actual notice of the Ericsson Patents. At minimum, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.  Despite such notice, the Defendants continue to import into, market, offer for sale and/or sell in the United States products that infringe the Ericsson Patents. In addition, Samsung has previously licensed one or more of the Ericsson Patents, and in its renewal negotiations Ericsson has given Samsung renewed notice of infringement.

## COUNT I.

## CLAIM FOR PATENT INFRINGEMENT OF THE '052 PATENT

35.     Ericsson repeats and realleges the allegations in paragraphs 1-34 as though fully set forth herein.

36.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '052 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '052 Patent including, but not limited to, cellular telephones.  The accused wireless communication devices that infringe the one or more claims of the '052 Patent include, but are not limited to, at least the Samsung Captivate Glide (SGH-I927).  Further discovery may reveal additional infringing products and/or models.

37.     Defendants' infringement of the '052 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '052 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '052 Patent.  Moreover, the '052 Patent, *inter alia*, was the subject of Ericsson's Section 337 complaint against Defendants in *Certain Wireless Communication Devices, Components Thereof, and Products Containing the Same*, ITC Inv. No. 337-TA-583.  Defendants' continued infringement of the '052 Patent has damaged and will continue to damage Ericsson.

McKool 438842v1

## COUNT II.

## CLAIM FOR PATENT INFRINGEMENT OF THE '359 PATENT

38.     Ericsson repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '359 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '359 Patent including, but not limited to, cellular telephones and tablet computers.  The Defendants' wireless communication devices that infringe the claims of the '359 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479, SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.  Further discovery may reveal additional infringing products and/or models.

40.     Defendants' infringement of the '359 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '359 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '359 Patent.  Moreover, the '359 Patent, *inter alia*, was at issue between the parties in *Ericsson Inc. et al. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:06-cv-0063 (E.D. Tex.), which was filed in 2006.  Moreover, the '359 Patent, *inter alia*, was presented to Defendants during licensing negotiations in the months before the filing of this lawsuit.  Defendants' continued infringement of the '359 Patent has damaged and will continue to damage Ericsson.

## COUNT III.

## <u>CLAIM FOR PATENT INFRINGEMENT OF THE '888 PATENT</u>

41.     Ericsson repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '888 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '888 Patent including, but not limited to, cellular telephones and tablet computers.  The accused wireless communication devices that infringe the one or more claims of the '888 Patent include, but are not limited to, at least the GT-I9020A, SCH-I100, SCH-I110, SCH-I200, SCH-I400, SCH-I405, SCH-I405U, SCH-I500 "Mesmerize," SCH-I500 "Showcase," SCH-I500 "Fascinate," SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-M828C, SCH-R530, SCH-R680, SCH-R720 "Admire," SCH-R720 "Vitality," SCH-R730, SCH-R760, SCH-R880, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SCH-S720C, SCH-S950C, SGH-I317, SGH-I547, SGH-I577, SGH-I727, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I927, SGH-I997,

SGH-S959G, SGH-T499, SGH-T589, SGH-T679, SGH-T669, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M900, SPH-M920, SPH-M930, and SPH-M950. Further discovery may reveal additional infringing products and/or models.

43.     Defendants' infringement of the '888 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '888 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '888 Patent.  Defendants' continued infringement of the '888 Patent has damaged and will continue to damage Ericsson.

## COUNT IV.

## CLAIM FOR PATENT INFRINGEMENT OF THE '556 PATENT

44.     Ericsson repeats and realleges the allegations in paragraphs 1-43 as though fully set forth herein.

45.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '556 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '556 Patent including, but not limited to, cellular telephones and tablet computers.  The accused wireless communication devices that infringe the one or more claims of the '556 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-

A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479, SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.   Further discovery may reveal additional infringing products and/or models.

46.     Defendants' infringement of the '556 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '556 Patent and did so with intent to encourage direct infringement.   Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '556 Patent.   Moreover, the '556 Patent, *inter alia*, was presented to Defendants during licensing negotiations in the months before the filing of this lawsuit.   Defendants' continued infringement of the '556 Patent has damaged and will continue to damage Ericsson.

## COUNT V.

## CLAIM FOR PATENT INFRINGEMENT OF THE '310 PATENT

47.     Ericsson repeats and realleges the allegations in paragraphs 1-46 as though fully set forth herein.

48.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '310 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more

claims of the '310 Patent including, but not limited to, cellular telephones and tablet computers.  The accused wireless communication devices that infringe the one or more claims of the '310 Patent include, but are not limited to, at least the GT-I9020A, SCH-I100, SCH-I110, SCH-I200, SCH-I400, SCH-I405, SCH-I405U, SCH-I500 "Mesmerize," SCH-I500 "Showcase," SCH-I500 "Fascinate," SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-M828C, SCH-R530, SCH-R680, SCH-R720 "Admire," SCH-R720 "Vitality," SCH-R730, SCH-R760, SCH-R880, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SCH-S720C, SCH-S950C, SGH-I317, SGH-I547, SGH-I577, SGH-I727, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I927, SGH-I997, SGH-S959G, SGH-T499, SGH-T589, SGH-T679, SGH-T669, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M900, SPH-M920, SPH-M930, and SPH-M950. Further discovery may reveal additional infringing products and/or models.

49.     Defendants' infringement of the '310 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '310 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '310 Patent.  Defendants' continued infringement of the '310 Patent has damaged and will continue to damage Ericsson.

## COUNT VI.

## CLAIM FOR PATENT INFRINGEMENT OF THE '917 PATENT

50.     Ericsson repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '917 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '917 Patent including, but not limited to, cellular telephones and tablet computers.   The accused wireless communication devices that infringe the one or more claims of the '917 Patent include, but are not limited to, at least the GT-I9020A, SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-A157, SGH-A667, SGH-A687, SGH-A797, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I897, SGH-I927, SGH-I997, SGH-T759, SGH-T839, SGH-T879, SGH-T889, SGH-T959, SGH-T959V, SPH-L300, SPH-L710, SPH-L900, SGH-I957, SCH-I905, SCH-I815, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.   Further discovery may reveal additional infringing products and/or models.

52.     Defendants' infringement of the '917 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '917 Patent and did so with intent to encourage direct infringement.   Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '917 Patent.   Defendants' continued infringement of the '917 Patent has damaged and will continue to damage Ericsson.

## COUNT VII.

## CLAIM FOR PATENT INFRINGEMENT OF THE '506 PATENT

53.     Ericsson repeats and realleges the allegations in paragraphs 1-52 as though fully set forth herein.

54.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '506 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '506 Patent including, but not limited to, cellular telephones and tablet computers.  Defendants' wireless communication devices that infringe the claims of the '506 Patent include, but are not limited to, at least the GT-I9020A, SCH-I535, SCH-R680, SCH-R850, SCH-U810, SCH-A137, SGH-A637, SGH-A657, SGH-A687, SGH-A697, SGH-A767, SGH-A777, SGH-A797, SGH-A837, SGH-A867, SGH-A877, SGH-A887, SGH-A897, SGH-A927, SGH-I317, SGH-I547, SGH-I577, SGH-I617, SGH-I627, SGH-I637, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I907, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-T119, SGH-T359, SGH-T469, SGH-T479, SGH-T499, SGH-T559, SGH-T589, SGH-T659, SGH-T669, SGH-T679, SGH-T749, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T919, SGH-T929, SGH-T939, SGH-T959, SGH-T959V, SGH-T989, SGH-T999, and SPH-I350.  Further discovery may reveal additional infringing products and/or models.

55.     Defendants' infringement of the '506 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '506 Patent and did so with intent to encourage direct

infringement.  Defendants were previously the beneficiaries of a license and/or a covenant

not to sue with respect to the '506 Patent.  Moreover, the '506 Patent, *inter alia*, was at

issue between the parties in *Ericsson Inc. et al. v. Samsung Electronics Co., Ltd. et al.*,

Case No. 2:06-cv-0063 (E.D. Tex.), which was filed in 2006.  Moreover, the '506 patent,

*inter alia*, was presented to Defendants during licensing negotiations in the months before

the filing of this lawsuit.  Defendants' continued infringement of the '506 Patent has

damaged and will continue to damage Ericsson.

### COUNT VIII.

### CLAIM FOR PATENT INFRINGEMENT OF THE '223 PATENT

56.     Ericsson repeats and realleges the allegations in paragraphs 1-55 as though

fully set forth herein.

57.     Defendants have infringed, contributed to the infringement of, and/or

induced infringement of the '223 Patent by making, using, selling, offering for sale, or

importing into the United States, or by intending that others make, use, import into, offer

for sale, or sell in the United States, products and/or methods covered by one or more

claims of the '223 Patent including, but not limited to, cellular telephones, tablet

computers, televisions, media players, and cameras.  Defendants' wireless devices that

infringe the claims of the '223 Patent include, but are not limited to, at least the GT-

I9020A, SCH-I110 "Illusion," SCH-I110 "Proclaim," SCH-I200, SCH-I400, SCH-I405,

SCH-I405U, SCH-I500 "Mesmerize," SCH-I500 "Showcase," and SCH-I500 "Fascinate,"

SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-M828C, SCH-R390C

"Comment 2," SCH-R390C "Freeform 4," SCH-R530, SCH-R680, SCH-R730, SCH-

R760, SCH-R910, SCH-R915, SCH-R930, SCH-R940, SCH-R950, SCH-S720C, SCH-

S950C, SGH-I317, SGH-I547, SGH-I557, SGH-I667, SGH-I677, SGH-I717, SGH-I727,

SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-S959G, SGH-T499, SGH-T589, SGH-T679, SGH-T699, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T959, SGH-T959V, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L300, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M920, SPH-M930, SPH-M950, SCH-I815, GT-P6210, SGH-T869, GT-P1010, SCH-I800, SGH-T849, SPH-P100, SGH-I987, SCH-I705, GT-P3113, GT-P5113, SGH-I957, SCH-I905, GT-P7510, GT-P7310, SGH-T859, GT-N8013ZWYXAR, GT-N8013; Samsung's LED 8000 Series television, LED 7550 Series television, LED 7500 Series television, LED 7150 Series television, LED 7100 Series television, LED 6900 Series television, LED 6550 Series television, LED 6500 Series television, LED 6150 Series television, LED 6100 Series television, LED 6070 Series television, LED 5300 Series television, Plasma 8000 Series television, Plasma 7000 Series television, Plasma 6500 Series television, Plasma 550 Series television, and Plasma 490 Series television;  Samsung's BD-C7900 Series, BD-C8000 Series, BD-C7500 Series, BD-C6900 Series, BD-C6800 Series, BD-C6500 Series, BD-D7500 Series, BD-D7000 Series, BD-D6700 Series, BD-D6500 Series, BD-D5700 Series, BD-E6500 Series, BD-E5900 Series, BD-E5700 Series, BD-ES6000 Series, BD-EM59C, and BD-Em57C Blu-Ray players; Samsung's Series 3 notebook computers, Series 5 notebook computers, Series 7 notebook computers, Series 9 notebook computers, and Chromebook Series 5 notebook computers; Series 3 Chromebox computers, Samsung's DP700A3B computer, Series 7 Slate tablets; Samsung's Galaxy Player 3.6 (TP-GS1CB), Galaxy Player 4.0 (YP-G1CWY), Galaxy Player 4.2 (YP-GI1C/NA), and Galaxy

Player 5.0 (YP-G70C/NAW).  Further discovery may reveal additional infringing products and/or models.

58.    Defendants' infringement of the '223 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '223 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '223 Patent.  Defendants' continued infringement of the '223 Patent has damaged and will continue to damage Ericsson.

## COUNT IX.

## CLAIM FOR PATENT INFRINGEMENT OF THE '832 PATENT

59.    Ericsson repeats and realleges the allegations in paragraphs 1-58 as though fully set forth herein.

60.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '832 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '832 Patent including, but not limited to, cellular telephones and tablet computers.  The accused wireless communication devices that infringe the one or more claims of the '832 Patent include, but are not limited to, at least the SGH-I987, SGH-I997, GT-P6210, GT-P7310, GT-P1010, GT-P7510, SCH-I905, SGH-I897, SCH-I100, SCH-I110, SCH-I400, SCH-I510, SCH-I515, SGH-T589, SGH-T959, SGH-T959V, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SCH-R910, SCH-R920, SCH-R930, SCH-I405, SCH-I500 "Mesmerize," "Showcase," and "Fascinate," GT-I9020A, GT-I9020T, SCH-M828C, SCH-R640, SCH-R680, SCH-R720, SCH-R730, SCH-R760, SCH-R880, SCH-R915,

SCH-U380, SPH-M580, SPH-M920, SPH-M930, SPH-M910, SGH-T839, SCH-R880, SPH-M820, SGH-A897, SGH-I677, SGH-I717, SGH-I727, SGH-I777, SGH-I847, SGH-I857, SGH-I917, SGH-I927, SGH-I937, SPH-P100, SGH-T499, SGH-T679, SGH-T759, SGH-T769, SGH-T849, SGH-T989, and SCH-I800.   Further discovery may reveal additional infringing products and/or models.

61.    Defendants' infringement of the '832 Patent has been willful.   Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '832 Patent and did so with intent to encourage direct infringement.   Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '832 Patent.   Defendants' continued infringement of the '832 Patent has damaged and will continue to damage Ericsson.

## COUNT X.

## CLAIM FOR PATENT INFRINGEMENT OF THE '215 PATENT

62.    Ericsson repeats and realleges the allegations in paragraphs 1-61 as though fully set forth herein.

63.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '215 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '215 Patent including, but not limited to, cellular telephones, tablet computers, televisions, and media players.   Defendants' wireless devices that infringe the claims of the '215 Patent include, but are not limited to, at least the GT-I9020A, SCH-I110 "Illusion," SCH-I110 "Proclaim," SCH-I200, SCH-I400, SCH-I405, SCH-I405U, SCH-I500 "Mesmerize," SCH-I500 "Showcase," and SCH-I500 "Fascinate," SCH-I510, SCH-

I515, SCH-I535, SCH-I605, SCH-L710, SCH-M828C, SCH-R390C "Comment 2," SCH-R390C "Freedom 4," SCH-R530, SCH-R680, SCH-R730, SCH-R760, SCH-R910, SCH-R915, SCH-R930, SCH-R940, SCH-R950, SCH-S720C, SCH-S950C, SGH-I317, SGH-I547, SGH-I557, SGH-I667, SGH-I677, SGH-I717, SGH-I727, SGH-I747, SGH-I777, SGH-I827, SGH-I847, SGH-I857, SGH-I897, SGH-I917, SGH-I927, SGH-I937, SGH-I997, SGH-S959G, SGH-T499, SGH-T589, SGH-T679, SGH-T699, SGH-T759, SGH-T769, SGH-T839, SGH-T879, SGH-T889, SGH-T959, SGH-T959V, SGH-T999, SPH-D600, SPH-D700, SPH-D710, SPH-D720, SPH-L300, SPH-L710, SPH-L900, SPH-M580, SPH-M820, SPH-M830, SPH-M920, SPH-M930, SPH-M950, SCH-I815, GT-P6210, SGH-T869, GT-P1010, SCH-I800, SGH-T849, SPH-P100, SGH-I987, SCH-I705, GT-P3113, GT-P5113, SGH-I957, SCH-I905, GT-P7510, GT-P7310, SGH-T859, GT-N8013ZWYXAR, GT-N8013; Samsung's LED 8000 Series television, LED 7550 Series television, LED 7500 Series television, LED 7150 Series television, LED 7100 Series television, LED 6900 Series television, LED 6550 Series television, LED 6500 Series television, LED 6150 Series television, LED 6100 Series television, LED 6070 Series television, LED 5300 Series television, Plasma 8000 Series television, Plasma 7000 Series television, Plasma 6500 Series television, Plasma 550 Series television, and Plasma 490 Series television;  Samsung's BD-C7900 Series, BD-C8000 Series, BD-C7500 Series, BD-C6900 Series, BD-C6800 Series, BD-C6500 Series, BD-D7500 Series, BD-D7000 Series, BD-D6700 Series, BD-D6500 Series, BD-D5700 Series, BD-E6500 Series, BD-E5900 Series, BD-E5700 Series, BD-ES6000 Series, BD-EM59C, and BD-Em57C Blu-Ray players; Samsung's Series 3 notebook computers, Series 5 notebook computers, Series 7 notebook computers, Series 9 notebook computers, and Chromebook Series 5 notebook

computers; Series 3 Chromebox computers, Samsung's DP700A3B computer, Series 7 Slate tablets; Samsung's Galaxy Player 3.6 (TP-GS1CB), Galaxy Player 4.0 (YP-G1CWY), Galaxy Player 4.2 (YP-GI1C/NA), and Galaxy Player 5.0 (YP-G70C/NAW). Further discovery may reveal additional infringing products and/or models.

64.    Defendants' infringement of the '215 Patent has been willful.  Upon information and belief, Defendants knew or should have known their actions would cause direct infringement of the '215 Patent and did so with intent to encourage direct infringement.  Defendants were previously the beneficiaries of a license and/or a covenant not to sue with respect to the '215 Patent.  Defendants' continued infringement of the '215 Patent has damaged and will continue to damage Ericsson.

## COUNT XI.

## CLAIM FOR PATENT INFRINGEMENT OF THE '992 PATENT

65.    Ericsson repeats and realleges the allegations in paragraphs 1-64 as though fully set forth herein.

66.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '992 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '992 Patent including, but not limited to, cellular telephones, tablet computers, and base stations.  Defendants' wireless communication devices that infringe the claims of the '150 Patent include, but are not limited to, at least the SCH-I200, SCH-I405, SCH-I405U, SCH-I510, SCH-I515, SCH-I535, SCH-I605, SCH-L710, SCH-R530, SCH-R900, SCH-R910, SCH-R915, SCH-R920, SCH-R930, SCH-R940, SCH-R950, SGH-I317, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-

I897, SGH-T879, SGH-T889, SPH-L300, SPH-L710, SPH-L900, SGH-I957, SCH-I905, SCH-I815, and the Samsung Evolved Node B Macrocell, Evolved Node B U-RAS Compact, Evolved Node B Picocell, and Evolved Node B Femtocell.  Further discovery may reveal additional infringing products and/or models.

67.     Defendants' continued infringement of the '992 Patent has damaged and will continue to damage Ericsson.

## DEMAND FOR JURY TRIAL

Ericsson hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in their favor and grant the following relief:

A.      Adjudge that the Defendants infringe the Ericsson Patents;

B.      Adjudge that the Defendants' infringement of the Ericsson Patents was willful, and that Defendants' continued infringement of the Ericsson Patents is willful;

C.      Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.      Award enhanced damages by reason of the Defendants' willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

E.      Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.      Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the Ericsson Patents;

H.      Order an accounting for damages; and

I.      Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated:  November 27, 2012          Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  /s/ Theodore Stevenson III

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 923-9000
Fax: (903) 923-9099

**ATTORNEYS  FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

McKool 438842v1